# EXHIBIT 1

Hearing Date: 11/4/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED DATE: 7/2/2021 10:17 PM    2021CH03273

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
7/2/2021 10:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

13917159

| | |
|---|---|
| ANDREW L. BARTON,<br>individually and on behalf of<br>himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2021CH03273

<u>JURY TRIAL DEMANDED</u>

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Andrew L. Barton ("Barton" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Walmart Inc. ("Walmart" or the "Defendant") to put a stop to its intentional, reckless and/or negligent unlawful collection, use, and storage of Plaintiff's and the putative class ("Class") members' sensitive biometric data, to have Defendant return or destroy the biometric information that it has retained for over three years and for which the initial use is no longer pertinent, and to issue a written retention policy and/or to comply with any written policy that it issues, among other things. Plaintiff seeks statutory damages and injunctive relief, including causing Walmart to issue a written policy governing its collection and retention of biometric data. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, based upon counsel's due diligent investigation, publicly available documents, and conduct and statements of Defendant.

## **NATURE OF THE ACTION**

FILED DATE: 7/2/2021 10:17 PM  2021CH03273

1.      Defendant Walmart is one of the largest retailers in the world, with both brick and mortar and on-line stores.  It operates as Walmart US, Walmart International, and Sam's Club.

2.      Walmart maintains one of the largest distribution operations in the world, consisting of over 150 distribution centers which service stores, clubs and direct delivery to customers.

3.      It has significant operations in Illinois including 139 superstores, 15 discount stores, 11 neighborhood markets, and 13 Sam's Clubs. It also maintains at least four major distribution or fulfillment centers in Illinois.

4.      Plaintiff Barton worked at the fulfillment/distribution center located in Elwood, Illinois, as an order "picker".  "Pickers" are warehouse workers who select items from storage bins or other storage areas and fill orders by getting them ready for shipment, including pulling the items and placing them on pallets for order packers.

5.      Walmart operates its distribution and/or fulfillment centers through the use of biometrics and in particular, the use of voice prints and voice recognition technology and prints.

6.       Specifically, pickers are required to provide their voice print, by providing templates of their voices reciting the certain words, phrases and number combinations so that the voice recognition technology is able to learn their voice.

7.      Once the voice recognition technology learns their voice, the pickers are then trained on the use of headsets, in some cases the Vocollect system, with which they interact. Through the headset they receive orders to fill and are required to respond into the headset telling it where they are in the warehouse, the product that they have just pulled from storage, the amount of that product that they have pulled, and the order that they are filling.

8.      In this way, Walmart is able to track its inventory in real time, and to avoid waste and employee theft.

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

9.      While Plaintiff and other Class members were required to provide their voice prints for Walmart's voice recognition technology, they were never asked for their consent, nor were they ever provided with a written policy regarding the use of their biometric data.

10.     Moreover, they were never told whether their voice prints would be deleted from the Company's systems or when they would be deleted.

11.     While there may be certain benefits to using biometric technology in the workplace, there are also serious risks. Voice prints are unique, permanent biometric identifiers associated with the employee.

12.     Defendant's collection and storage of biometric identifiers and/or biometric information exposes employees to serious and irreversible privacy risks.  For example, if an employee database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

13.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics.

14.     Despite this law, Defendant, knowing full well what the law is respecting the collection and use of biometric data in Illinois, disregards its workers' statutorily and common law protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, Defendant has violated (and continues to violate) BIPA because it did not:

- Issue a written policy governing the collection, maintenance and destruction of its workers voiceprint biometric data, and failed to comply with any written policy;

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their biometric identifying voiceprints were being

3

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's voiceprints, as required by the BIPA; or

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their voiceprints, as required by the BIPA.

15.     Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; (iii) awarding liquidated damages to Plaintiff and the proposed Class; (iv) awarding Plaintiff statutory damages for such violations; and (v) enjoining Defendant from its continued violations of BIPA by, among other things, causing it to issue a written policy regarding the collection, use and destruction of biometric data, and deleting from any of its databases and systems, the biometric data of Plaintiff and Class members.

## **PARTIES**

16.     Plaintiff Andrew L. Barton is a natural person and was a citizen of the State of Illinois at the time his voiceprint was taken. Barton worked as a picker for Defendant at its Elwood facility from March 16, 2019 to May 2021.

17.     Defendant Walmart is one of the largest retailers in the world. It is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

## **JURISDICTION AND VENUE**

18.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business in Illinois and has committed the complained of acts in Illinois.

19.     Venue is proper in Cook County because Plaintiff resides in this county, and Defendant conducts business transactions in this county, including maintaining stores and distribution centers in this county.

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

## FACTUAL BACKGROUND

**I.     The Biometric Information Privacy Act.**

20.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

21.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, that can be linked to people's sensitive financial and personal data— could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

22.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

23.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless

5

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information.740 ILCS 14/15(b) (emphasis added).

24.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry and fingerprints. *See* 740 ILCS 14/10.

25.    Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.* In this case, Plaintiff and the Class' voice prints were taken as a form of a biometric identifier to store in Defendant's database and used to identify them.

26.    BIPA also establishes standards for how companies must handle Illinois workers' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For instance, BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first, and must comply with that policy. 740 ILCS 14/15(a).

27.    BIPA is applicable even for entities that are not employers but collect and maintain biometric data.

## II.    Walmart Violates the Biometric Information Privacy Act.

28.    By the time BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I

6

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

29.     Unfortunately, Defendant, despite knowing about BIPA and its requirements, specifically continues to collect, store, and use its workers' biometric data in violation of the BIPA.

30.     Specifically, when warehouse workers, in particular, pickers, first begin work at one of Defendant's warehouses or distribution facilities, as discussed above, they are required to provide extensive voice prints, by having to read into the biometric and inventory computer system what are known as "Pick Task-Voice Template Words" or certain words, phrases and numbers or numerical sequences that are likely to be used by a picker.  They must repeat the word once, or several times in order to enable the technology's intelligence to recognize their voices and voice patterns.

31.     Such words or phrases include "next pick", "repeat pick", "trip summary", "say again" and "repeat label".  Numbers include "000", "101" and "929".

32.     Pickers thereafter use this voice recognition technology each time that they are engaged in filling orders by assembling goods from various parts of the warehouse and filling a pallet to be packaged thereafter.

33.     Defendant intentionally, recklessly or negligently failed to inform its workers of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all, and failed to obtain their knowing consent to use their biometric data

34.     Defendant intentionally, recklessly or negligently failed to provide its workers with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its workers' voiceprints when the initial purpose for collecting or obtaining their voice prints is no longer relevant, as required by BIPA.  A worker who leaves the company does so without any knowledge of when his biometric identifiers will be removed from

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

Defendant's databases -- or if they will ever be.  Moreover, Defendant failed to comply with any written schedule.

35.      The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendant's —whose workers are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendant disregards these obligations, and instead unlawfully collects, stores, and uses its employees' and workers' biometric identifiers and information without proper consent.

36.      Ultimately, Defendant disregards its employees' and workers' statutorily protected privacy rights by violating the BIPA.

## II.  FACTS SPECIFIC TO PLAINTIFF

### A.      Plaintiff Barton

37.      Plaintiff Barton worked as a picker at Walmart's distribution facility in Elwood from the period of March 16, 2019 to May 2021.

38.      In order to train pickers, Walmart has trainers who would direct pickers to provide voice templates of certain words, phrases, numbers, and series of numbers that would be relevant to picking.  It would take the technology several hours of training and working with the picker for the technology to be able to recognize a picker's voice.

39.      Specifically, pickers would enter their employee numbers into a system.  The technology would confirm with them that they were using a voice recognition technology method of picking, and then the system would tell them where on the lot to go to pick up an order. Once they picked up that order, they would then have to tell the technology that they had picked up that

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

order and what they had picked up.

40.     At the beginning of his employment, Plaintiff was told that the Company used a voice print system for its pickers, and that he was required to provide certain voice templates, including certain words, phrases and numbers, often used in picking, as described above, so that Walmart's voice recognition technology would learn and become calibrated to his voice.

41.     Accordingly, Plaintiff provided his voice print for the technology and in order to use the headset that was necessary to perform his job.

42.     Thereafter, each time he was filling an order, he would use a headset, with which he would interact, as described above, and from which he would get orders, and speak into the headset, telling it where he was in the facility, the goods that he was picking and the number of items that he was picking.

43.     Defendant never informed Plaintiff Barton of the specific limited purposes or length of time for which it collected, stored, or used his biometric identifier. Similarly, Defendant never informed Plaintiff Barton of any biometric data retention policy it developed, or whether it will ever permanently delete his biometric identifying information.

44.     Plaintiff Barton never signed a written release allowing Defendant to collect or store his voice print.

45.     Plaintiff Barton has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

46.     Plaintiff Barton now seeks statutory damages under the BIPA as compensation for the injuries Defendant has caused as well as injunctive or other relief.

## CLASS ALLEGATIONS

### Class Definition

47.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

behalf of himself and a Class of similarly situated individuals, defined as follows:

> All persons who, within the applicable statute of limitations and while residing in Illinois, had their voice print collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois.

48.     The following people are excluded from the Class: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, agents, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

49.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from hundreds of workers who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

50.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)    whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

b)    whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

c)   whether Defendant issued a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

d)   whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

e)   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f)   whether Defendant complies with any such written policy (if one exists); and

g)   whether Defendant used Plaintiff's' and the Class's voice prints to identify them.

51.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

52.   **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective

FILED DATE: 7/2/2021 10:17 PM  2021CH03273

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CAUSE OF ACTION**
**COUNT I**
**Violation of 740 ILCS 14/1, *et seq.***

**(On Behalf of Plaintiff and the Class)**

53.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54.     BIPA requires companies to obtain informed written consent before acquiring biometric data from employees or workers, among others. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first:

(1)     informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2)     informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and*

(3)     receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

55.     BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and--importantly--deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention

12

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

schedule and guidelines for permanent deletion of biometric data (*i.e.*, when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

56.     Defendant fails to comply with these BIPA mandates.

57.     Defendant is a corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

58.     Plaintiff and the Class are persons who had their "biometric identifiers" collected by Defendant, as explained in detail in Section II. *See* 740 ILCS 14/10.

59.     Plaintiff and the Class's biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

60.     Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

61.     Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifying information was being collected and stored.

62.     Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored and used.

63.     Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy.

64.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et. seq.*

65.     On behalf of themselves and the Class, Plaintiff seeks:

(A)     Injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein;

(B)     Injunctive and equitable relief as necessary to protect the public good and the public's right to the issuance of a written policy;

(C)     Statutory damages of $1,000 per violation for each of Defendant's negligent violations of the BIPA pursuant to 740ILCS 14/20(1) or $5,000 for Defendant's intentional or reckless violation of BIPA pursuant to 740ILCS 14/20(2); and

(D)     reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that the Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B.     Declaring that Defendant's actions, as set out above, violate the BIPA;

C.     Awarding statutory damages of $1,000 for each of Defendant's violations of BIPA, pursuant to 740 ILCS 14/20(1) and/or $5,000 for each of Defendant's violations of BIPA, pursuant to 740 ILCS 14/20(2);

D.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the public in Defendant's issuance of a written policy governing its collection, maintenance and deletion of biometric data;

F.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H.      Awarding such other and further relief as equity and justice may require.

### **JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Date: July 2, 2021

By: */s/ Nicholas R. Lange*
Katrina Carroll
Nicholas R. Lange
**CARLSON LYNCH LLP**
111 W. Washington Street - Suite 1240
Chicago, IL 60602
Phone: (312) 750-1265
Fax: (312) 212-5919
Email:   kcarroll@carlsonlynch.com
            nlange@carlsonlynch.com
Firm ID: 63746


Lynda J. Grant
**THEGRANTLAWFIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Phone: (212) 292-4441
Fax: (212) 292-4442
lgrant@grantfirm.com


Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**

15

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

135 Chestnut Ridge Road
Montvale, New Jersey 07645
Phone:  201-391-7000
Fax: (845) 356-4335
ggraifman@kgglaw.com
memert@kgglaw.com


***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASS***

Hearing Date: 11/4/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

FILED
7/2/2021 10:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

13917159

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Andrew L. Barton
_____
                        (Name all parties)

                v.

Walmart Inc.
_____

Case No. 2021CH03273
_____

### SUMMONS ☑        ☐ ALIAS SUMMONS

To each Defendant:     Walmart Inc.
                       C/o CT Corporation System
                       208 S. LaSalle St., Suite 814
                       Chicago, Illinois 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                    **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: _63746_

Atty Name: _Nicholas R. Lange_

Atty. for: _Plaintiff_

Address: _111 W. Washington Street, Suite 1240_

City: _Chicago_

State: _IL_   Zip: _60602_

Telephone: _(312) 750-1265_

Primary Email: _NLange@CarlsonLynch.com_

Witness: _____

7/2/2021 10:17 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person.)

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS**

FILED DATE: 7/2/2021 10:17 PM   2021CH03273

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 7/15/2021 10:15 AM - 10:15 AM
Courtroom Number:
Location:

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

FILED
7/8/2021 1:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03273

13963734

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANDREW L. BARTON,                    )
individually and on behalf of        )
himself and all others similarly situated,  )    Case No. 2021-CH-03273
                                     )
            Plaintiff,               )    Judge Raymond W. Mitchell
                                     )
        v.                           )
                                     )
WALMART INC.,                        )
                                     )
            Defendant.               )

### NOTICE OF MOTION

To:     Walmart, Inc.
        c/o CT Corporation System
        208 S. LaSalle St., Suite 814
        Chicago, Illinois 60604

        You are hereby notified that on _____7/15/21_____, 2021 at ___10:15___ a.m. [PLEASE SEE DATE STAMPED ABOVE BY COURT] or as soon thereafter as counsel may be heard, I shall appear remotely before the presiding Judge Raymond W. Mitchell, in courtroom 2601, or any other judge as may be holding court in his/her absence, in the virtual courtroom usually occupied by him/her in the Cook County Courthouse, Richard J. Daley Center, 50 W. Washington, Chicago, Illinois, which virtual courtroom is located at https://circuitcourtofcookcounty.zoom.us/j/94021044687?pwd=d0YvUXNBZ3dHR1djSkpjaHZSa1FTUT09, and then and there move for hearing on the attached **Plaintiff's Motion for Class Certification Pursuant to 735 ILCS 5/2-801, *et seq.*,** at which time and place you may appear as you see fit to do.

Dated:  July 8, 2021                    Respectfully submitted,
                                        */s/ Nicholas R. Lange*              .
                                        Nicholas R. Lange
                                        CARLSON LYNCH LLP
                                        111 W. Washington Street - Suite 1240
                                        Chicago, IL 60602
                                        Phone: (312) 750-1265
                                        Fax: (312) 212-5919
                                        Email: nlange@carlsonlynch.com
                                        Firm ID: 63746

                                        **ATTORNEYS FOR PLAINTIFF AND
                                        THE PROPOSED CLASS**

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

**PROOF OF SERVICE**

The undersigned certifies that he caused a true and correct copy of the foregoing and within to be served on the above parties via US mail, with postage prepaid, at the address appearing above on July 8, 2021.

*/s/ Nicholas R. Lange*                .
Nicholas R. Lange

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

**VERIFICATION**

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the above and attached Notice of Motion are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Nicholas R. Lange*                .
Nicholas R. Lange

FILED DATE: 7/8/2021 1:14 PM    2021CH03273

FILED
7/8/2021 1:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03273

13963734

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ANDREW L. BARTON, individually and on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2021-CH-03273 |
| v. | ) ) ) | Judge Raymond W. Mitchell |
| WALMART INC., | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
### PURSUANT TO 735 ILCS 5/2-801, *et seq.*[1]

Plaintiff Andrew L. Barton ("Plaintiff"), individually and on behalf of all others similarly situated, through undersigned counsel, moves the Court pursuant to 735 ILCS 5/2-801, *et seq*., to certify the following Class as defined in Plaintiff's complaint against Defendant Walmart, Inc. ("Defendant"):

> All persons who, within the applicable statute of limitations and while residing in Illinois, had their voice print collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois.

Plaintiff respectfully reserves the right to amend the definition of the Class above if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

---

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness by a defendant to defeat the case in question. *Id*. at *19.

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

In support of his motion, Plaintiff states as follows:

## I.   Introduction

The policy objective behind class actions is to encourage individuals, who may otherwise lack an incentive to file individual actions because their damages are limited, to join with others to vindicate their rights in a single action. *Hansberry v. Lee*, 311 U.S. 32 (1940).

For a suit to proceed as a class action in Illinois, the circuit court must find that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact _or_ law common to the class, which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801 (emphasis added). In considering class certification, the Court assigns the burden of satisfying the four requirements of section 2-801 to the plaintiff (*Wheatley v. Board of Ed. of District 205*, 99 Ill. 2d 481, 486 (1984)), but does not consider the possibility of success on the underlying merits of the claims asserted. *Purcell & Wardrope Chartered v. Hertz Corp.*, 175 Ill. App. 3d 1075 (1988).

## II.   The Class Is Sufficiently Numerous.

Section 801(1) requires not only that the number of plaintiffs be numerous, but also that joinder of plaintiffs in one individual action be impractical. 735 ILCS 5/2-801(1). Where there are a number of potential claimants, and the individual amount claimed by each is small, making redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *Miner v. Gillette Co.,* 87 Ill. 2d 7 (1981).

The number of persons affected by Defendant's unlawful activities are sufficiently numerous to make joinder of all such purchasers into one individual action impractical. The

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

number of persons within the class is substantial, believed to amount to at least many thousands. It is, therefore, impractical to join each member of the Class as named plaintiffs. The requirements for certification of a class action under section 2-801(1) will be satisfied.

## III.   The Claims Presented by the Class Raise Common Issues of Fact and Law.

Section 801(2) requires "questions of fact or law common to the class." 735 ILCS 5/2-801(2). However, "[c]ertification require[s] only that there be either a predominating common issue of law or fact, not both." *Martin v. Heinold Commodities, Inc.*, 117 Ill. 2d 67, 81 (1994). "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to the entire class." *Gordon v. Boden*, 224 Ill. App. 3d 195, 201 (1st Dist. 1991) (quoting *Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266 (1977)). Said differently, a common question may be shown when class members are aggrieved by the same or similar conduct (*Miner*, 87 Ill. 2d at 19), or a pattern of conduct. *Purcell*, 175 Ill. App. 3d at 1077. Satisfaction of the prerequisite pertaining to predominating common questions of fact or law necessitates a showing that successful adjudication of the purported class representative's individual claims will establish a right of recovery or resolve a central issue on behalf of the class members. *Society of St. Francis v. Dulman*, 98 Ill. App. 3d 16, 18 (1981).

The common questions of fact or law existing in the present case include – but certainly are not limited to:

a) whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information (collectively, "Biometrics");

b) whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers and/or biometric information;

3

FILED DATE: 7/8/2021 1:14 PM  2021CH03273

c) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;

d) whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers and/or biometric information;

e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f) whether Defendant complies with any such written policy (if one exists); and

g) whether Defendant used Plaintiff's and the Class's voice prints to identify them.

The factor of predominance is easily met in this case. All potential Class members were subject to the same misconduct (Defendant's unlawful collection of their Biometrics) in contravention of the same agreement and laws.

## IV. The Named Plaintiff Adequately Represents the Interests of the Class.

The named Plaintiff must fairly and adequately protect the interest of the class. This is not a difficult burden to bear, and it is borne in this case.

"The purpose of adequate representation is merely to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Clark v. TAP Pharm. Prods. Inc. et al.*, 343 Ill. App. 3d 538, 550 (5th Dist. 2003) (internal quotation omitted). "The plaintiff class representative need only have a marginal familiarity with the facts of his case and does not need to understand the legal theories upon which his case is based to a greater extent." *Id.* at 550-51 (internal quotations and alterations omitted). Being the victim of

Defendant's unlawful Data Breach, the named Plaintiff is familiar with the pertinent facts of the case.

Additionally, Plaintiff's counsel are "qualified, experienced, and generally able to conduct the proposed litigation." *Steinberg v. Chi. Medical Sch.*, 69 Ill. 2d 320, 339 (1977); *see also Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 309 (N.D. Ill. 1995). Class counsel in this matter have substantial experience in prosecuting complex litigation, including class actions.

**V.     The Class Action Procedure Is the Appropriate Method for the Fair and Efficient Adjudication of the Controversy.**

The class action procedure is the appropriate method for the fair and efficient adjudication of the controversy. The *Steinberg* Court held that the satisfaction of the first three prerequisites makes manifest that the final requirement of the statute is fulfilled. *Steinberg*, 69 Ill. 2d at 337-38.

Since the nature of the claims of the Plaintiff and Class Members are similar and the common claims share the same factual and/or legal foundation, the class action mechanism is a superior method for resolving this case. Class certification ensures uniformity in resolving the same and similar claims. Moreover, judicial economy would suffer if court systems throughout the country and throughout Illinois were forced to hear several dozen or hundreds of separate lawsuits, each presenting common factual and legal questions. The class action procedure will save those resources and will efficiently and uniformly resolve the dispute. The certification of a class would allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support individual actions.

**VI.     Discovery and Proposed Schedule**

Plaintiff proposes that all non-expert, class certification discovery in furtherance of certification of the above-identified class be completed by <u>July 1, 2022</u>.

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

FILED DATE: 7/8/2021 1:14 PM 2021CH03273

## VII.    Conclusion

For the reasons stated above, Plaintiff has established that all of the elements necessary for class certification, and as provided for in 735 ILCS 5/2-801, *et seq.*, are present in this case. Accordingly, Plaintiff asks that this Court certify the instant matter as a class action.

Plaintiff reserves the right to supplement the pleadings and the record prior to hearing on the motion.

Dated:  July 8, 2021                                     Respectfully submitted,

*/s/ Nicholas R. Lange*

Nicholas R. Lange
**CARLSON LYNCH LLP**
111 W. Washington Street - Suite 1240
Chicago, IL  60602
Phone: (312) 750-1265
Fax: (312) 212-5919
Email: nlange@carlsonlynch.com
Firm ID: 63746

Lynda J. Grant
**THEGRANTLAWFIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Phone: (212) 292-4441
Fax: (212) 292-4442
lgrant@grantfirm.com

Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Phone: (845) 356-2570
Fax: (845) 356-4335
ggraifman@kgglaw.com
memert@kgglaw.com

6

FILED DATE: 7/8/2021 1:14 PM   2021CH03273

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANDREW L. BARTON,                )
individually and on behalf of        )
himself and all others similarly situated,   )   Case No. 2021-CH-03273
                                 )
            Plaintiff,            )   Judge Raymond W. Mitchell
                                 )
    v.                           )
                                 )   <u>Zoom Meeting</u>
WALMART INC.,                    )   ID: 940 2104 4687
                                 )   Password: 296476
            Defendant.           )   Telephone: (312) 626-6799

## **ORDER**

This matter, coming before the Court on Plaintiff's Motion for Class Certification Pursuant to 735 ILCS 5/2-801 *et seq*, the Court, having considered the motion, HEREBY ORDERS:

1) Plaintiff's Motion for Class Certification is entered and continued, and Plaintiff is given leave to revise said motion after discovery; and

2) The case management conference previously set for November 4, 2021 at 10:00am stands.

_____          _____
Date                               Judge Raymond W. Mitchell

**Judge Raymond W. Mitchell**

**JUL 19 2021**

**IRIS Y. MARTINEZ**
**Circuit Court-1992**

## Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

| Case Information Summary for Case Number |
|:---:|
| 2021-CH-03273 |

Filing Date: 07/02/2021
Division: Chancery Division
Ad Damnum: $0.00

Case Type: CLASS ACTION
District: First Municipal
Calendar: 02

### Party Information

**Plaintiff(s)**
BARTON ANDREW

**Attorney(s)**
CARLSON LYNCH LLP
111 W WASHINGTON #12
CHICAGO IL, 60602
(312) 750-1591

**Defendant(s)**          **Defendant Date of Service**          **Attorney(s)**
WALMART INC.

### Case Activity

Activity Date: 07/02/2021                                   Participant: BARTON ANDREW

CLASS ACTION COMPLAINT FILED (JURY DEMAND)

Court Fee: 600.50                                   Attorney: CARLSON LYNCH LLP

Activity Date: 07/02/2021                                   Participant: BARTON ANDREW

SUMMONS ISSUED AND RETURNABLE

Attorney: CARLSON LYNCH LLP

Activity Date: 07/05/2021                                   Participant: BARTON ANDREW

CASE SET ON CASE MANAGEMENT CALL

Date: 11/04/2021
Court Time: 1000
Court Room: 2601

Judge: MITCHELL, RAYMOND W.
Attorney: CARLSON LYNCH LLP

Activity Date: 07/08/2021                                   Participant:

MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 07/15/2021
Court Time: 1015

Attorney: CARLSON LYNCH LLP

Activity Date: 07/08/2021                                   Participant: BARTON ANDREW

Attorney: CARLSON LYNCH LLP

Activity Date: 07/08/2021         Participant: BARTON ANDREW

NOTICE OF MOTION FILED

Attorney: CARLSON LYNCH LLP

<u>Back to Top</u>

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.